

# The Attorney General
## of Texas

Austin, Texas 78711

LAWFORD C. MARTIN
ATTORNEY GENERAL

November 14, 1972

Honorable Tom Hanna
Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. M-1263

Re: Whether State buying
in real property at
delinquent tax sale
may sell same before
expiration of two year
redemption period, or
may rent same and
apply rent to taxes or
general revenue fund,

Dear Mr. Hanna:
and related questions.

We have received your request for an opinion from this office on the following numbered questions:

"1. After the State has bought in property at a delinquent tax sale, may it then sell such property before the two year redemption period is up?

"2. May the State and County collect rent from a tenant who is living on the property after the State and County has taken in such property at a tax sale?

"3. If your answer to question number 2 was yes, please advise as to whether or not the rent money must be applied to taxes or whether or not it may be put into the general fund like any other County revenues?

"4. If the rent is applied to the taxes, what must the State and County do with the property after the taxes are paid in full?

"5. If rent money is collectible after the State has bought in said property, must the State and County prorate each rent payment among the other taxing units that were Plaintiffs in the original tax case?"

Article 7345b, Section 9, Vernon's Civil Statutes, provic among other things, that if property be sold to any taxing unit which is a party to the judgment in said suit, the title to said property shall be bid in and held by said taxing unit for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged to have tax liens against the property, pro rata and in proportic to the amount of their tax liens. Said Section 9 further provides that the taxing unit may sell and convey the property so purchased by it at any time in any manner determined to be most advantageous to said taxing units either at public or private sale, subject to any then existing right of redemptior It may be pointed out here that this Section was enacted in 1947 (Acts 50th Leg., Reg. Sess., p. 1061) and amended the earlier statutes on this subject which are Articles 7288 and 7289.

Articles 7288 and 7289, Vernon's Civil Statutes, provide in substance, that upon failure of sale of any real estate at tax sale for want of a purchaser, it shall be bid off to the State for the taxes and penalties due, and all costs accruing thereon, conveyed to the State and held by it until the same shall have been redeemed by the owner within two years from the date of the deed to the State or is sold by the State. Article 7328, Vernon's Civil Statutes, insofar as pertinent to this inquiry, provides for the public sale of the land so conveyed to the State and not redeemed within the time prescribed by law, and that the proceeds of such sale, after deducting and paying the amount of the county tax to the County Treasurer, shall be sent to the State Treasurer

The next foregoing mentioned articles were involved in Attorney General Opinion No. O-3405 (1941), which held in substance that where property was originally bid off jointly to county, city and state following a delinquent tax judgment the State's portion of rents accruing from the property after the period of redemption expired and prior to final foreclosure sale should be handled by the State Treasurer in the same manner as if it were the proceeds of the original tax foreclosure. The effect of this opinion is that the taxing authorities were deemed to have had the authority to collect rents for the use of such property during the period of time they held the title to same. Our Texas Supreme Court in Spann v. City of Dallas, 111 Tex. 350, 355, 235 S.W. 513, (19 held that,

"  . . . property in a thing consists not merely in its ownership and possession, but in the unrestricted

> right of use, enjoyment and disposal. Anything which
> destroys any of these elements of property, to that
> extent destroys the property itself. The substantial
> value of the property lies in its use."

Hence, it is apparent that the benefits and profits from the
use of property belong to the holder of the ownership and
possession of such property. Your query involves rents
accrued during the time the State and County held the title
and possession of the real property in question. Thus, the
State and County are entitled to the rents the same as rents
and profits accruing on any other property owned by them,
58 Tex. Jur.2d, 470 Vendor and Purchaser, Sec. 250. This
being so, it necessarily follows that the rental money so
collected should be retained by the State and County and
placed to their credit in their respective funds. It is not
proceeds from the original sale of the property as is re-
quired to be applied toward the payment of the delinquent
taxes owed by the former owner of the property as might be
inferred from certain language in said Opinion No. 0-3405.
Such a misapplication of the rent money to the credit of
one no longer holding title to the property would be a
restriction of the legal owner's right of use, enjoyment and
disposal of the property, over and above the mere right of
redemption allowed for the two year statutory period. We
believe that in this regard Opinion No. 0-3405 should be
interpreted to merely designate the State Treasurer as the
proper recipient of the rent money belonging to the State as
general revenue.

In view of the foregoing, your numbered questions are
answer by the following correspondingly numbered paragraphs:

1.  The State may sell real property purchased at
    tax sale, before expiration of the two years
    redemption period.

2.  The State and County are authorized to collect rent
    from a tenant of real property purchased at a tax sale.

3.  The rent money accruing from real property after its
    purchase by the State at a tax sale and held for the
    benefit of itself and the County, belongs to the
    State and County in proportion to the amounts secured
    by their respective liens, and should be deposited
    into the respective funds of said bodies like any
    other revenues collected.

4.  The rent accruing after the foreclosure sale belongs to the State and County and is not applicable as credit on the delinquent taxes of the former owner of the property.

5.  Any rent money accrued and collected on real property after purchase of same by the State and County at tax sale and before final sale thereon, should be prorated among the taxing units adjudged to have tax liens against said property.

## S U M M A R Y

The following holdings are made relative to real property purchased at delinquent ad valorem tax sale: (1) The State may sell the property before expiration of the two year redemption period. (2) The State and County are authorized to rent the property. Rent money accruing from the property after its purchase belongs pro rata to the taxing units and should be deposited for their use in their respective funds like any other revenues collected. Rent money on such property accruing after foreclosure sale and before final sale should be prorated among taxing units having liens on property.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Sig Aronson
Lang Baker
Linward Shivers
Roland Allen

SAMUEL D. MC DANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant